UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Wyatt Davis**, #94726-071,<br><br>                              Petitioner,<br><br>vs.<br><br>United States of America,<br><br>                              Respondent.<br>_____ | ) **C/A No. 8:05-2778-GRA-BHH**<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

A Petition for Writ of Habeas Corpus has been submitted to the Court *pro se* by a federal prison inmate.[1] Although he fails to cite to any particular federal statute as the basis for his filing, instead stating that it is submitted "pursuant to the Original Habeas Corpus by Common Law" (Petition, at 1), under the evident circumstances of this case, the undersigned is construing the Petition as one filed pursuant to 28 U.S.C. § 2241.

The circumstances of Petitioner's case show that, following the entry of a guilty plea entered on November 11, 2003, he was convicted and sentenced on drug conspiracy-related federal criminal charges by this Court in April 2004. See United States v. Davis, Criminal Action No. 6:03-cr-00036-GRA-3. The Court's docket does not show that Petitioner filed any direct appeal in his case, nor that he filed any Motion pursuant to 28 U.S.C. § 2255 in his case at any time within one year of the date that his conviction and sentence became final on May 12, 2004. Also, Petitioner acknowledges in his Answers

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

to the Court's Special Interrogatories (Entry 4) that he did not file a § 2255 Motion in his case prior to filing the Petition in this case. Furthermore, it does not appear that Petitioner ever filed any type of motion or request in his criminal case seeking equitable tolling of the § 2255 time limitations or otherwise seeking to file a belated § 2255 motion in his case at any time prior to his filing of the Petition in this case. The Petition, which was signed by Petitioner on September 17, 2005, was received by the Court in Greenville on September 22, 2005. [2]

In the Petition filed in this case, Petitioner argues that this Court should not consider the implications of his failure to avail himself of the opportunity to test the underlying validity of his conviction and sentence through a timely § 2255 motion, and that should vacate his conviction and sentence because § 2255 and 18 U.S.C. § 3231, the statute that establishes federal criminal jurisdiction, are "void." Plaintiff alleges that the statutes are "void" due to asserted problems in the manner in which Congress' well-recognized 1948 revision of the federal judicial code (which includes both statutes) was enacted. *See* 18 U.S.C.A. § 3231 (June 25, 1948, c. 645, 62 Stat. 826 ; 28 U.S.C. § 2255 (June 25, 1948, c. 646, 62 Stat. 967). Additionally, Petitioner argues that he is actually innocent of the "enhanced crimes for which he was sentenced," relying on the holding in U.S. v. Booker, 543 U.S. 220 (2005), a case decided on January 12, 2005, over seven months after

---

[2] Petitioner, through counsel, did file a Motion seeking to withdraw his guilty plea, claiming that he was "coerced by the perceived intention [allegedly conveyed to him by his former counsel] of the government to put him in jail for the rest of his life . . . ." *See* Criminal Action No. 6:03-cr-00036-GRA-3, Entry 127. The presiding district judge denied that motion on April 19, 2004 and sentenced Petitioner to 135 months in prison, 5 years of supervised release, and substance abuse treatment. *Id.*, Entries 135 and 136. The judgment of conviction and sentence was entered on April 28, 2004 and became final on May 12, 2004, when the permitted time for filing a direct appeal in the case expired. *See* Fed.R.App.P. 4(b)(1)(A)(i), (6); Fed.R.Civ.P. 6; *see also* Ramirez v. U.S., 146 Fed.Appx. 325, 2005 WL 1706142 (11th Cir.) (unpublished opinion), cert. denied, 126 S.Ct. 674 (2005).

Petitioner's conviction and sentence became final.  Petitioner does not suggest any new or additional exculpatory evidence that is now available to him that was not available to him at the time of his guilty plea or sentencing.  Finally, Petitioner contends that his legal counsel was ineffective in several ways.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  *See*  Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.   *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## DISCUSSION

Initially, Petitioner's claims about the facial constitutionality of 18 U.S.C. § 3231 and 28 U.S.C. § 2255 do not provide this Court with jurisdiction to vacate his conviction and sentence under any type of "Original Habeas Corpus by Common Law."  Section 2255's constitutional validity has been upheld numerous times over many years without any mention of the alleged enactment problems proposed by Petitioner.  *See, e.g.,* Felker v. Turpin, 518 U.S. 651 (1996); In re Vial, 115 F.3d 1192, 1198 (4th Cir. 1997); Richards v. U. S., 342 F.2d 962 (8th Cir. 1965); Barrett v. Hunter, 180 F.2d 510 (10th Cir. 1950). Furthermore, 18 U.S.C. § 3231 has been often cited and accepted as valid over the years, also without any discussion of Petitioner's suggested enactment problems.  *See, e.g.*, U.S. v. Delgado-Garcia, 374 F.3d 1337, 1341-42 (D.C. Cir. 2004)(recognizing the creation of § 3231 by the 1948 act and its apparent validity); U.S. v. Helem, 186 F.3d 449, 451 (4th Cir. 1999)(statute cited as basis for trial court's jurisdiction without questioning its validity); Montanez v. U.S., 226 F.Supp. 593, 598 (D.C. N.Y. 1964)(same; and recognizing statute's creation by the 1948 act).  As the Fifth Circuit Court of Appeals stated about another federal prisoner's attempt to argue, as Petitioner essentially does, "that 28 U.S.C. § 2255 is ineffective because it was not validly enacted into law by Congress," . . . "[t]his argument is frivolous. See Act of June 25, 1948, ch. 646, 62 Stat. 967 (1948)." Zapata-Rosa v. Dobre, 32 Fed.Appx. 128, 2002 WL 334889 (5th Cir., Feb. 20, 2002) (unpublished).  The same is true of Petitioner's contentions about the validity of 18 U.S.C. § 3231.  It is clear

4

that the Court had and *still has* valid jurisdiction to enter the judgment of conviction and sentence in Petitioner's criminal action and, also, to consider a motion pursuant to § 2255 in the same case had Petitioner filed one.

Moreover, despite his attempts to couch his assertions about his conviction and sentence as "jurisdictional," his use of the terminology "Original Habeas Corpus by Common Law" rather than citation to appropriate statutory provisions, and his claim of "actual innocence" relative to his enhanced sentence, it is obvious that each of Petitioner's claims in this case question the underlying validity of his federal criminal conviction and sentence.[3] Accordingly, the threshold question in this case is whether Petitioner's claims are properly raised in this Court through a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See* In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A motion filed pursuant to 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See* Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).

---

[3] It is clear that Petitioner is attempting to avoid the widely recognized requirement that he show that the § 2255 remedy is/was inadequate or ineffective to test the validity of his conviction and sentence before any § 2241 petition becomes appropriate by presenting his claims in terms of "jurisdictional" issues and/or "actual innocence." This Court is not bound by Petitioner's characterization of his claims, however, because, when considering the issue of its own jurisdiction , district courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *See* Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35  (E.D. N.C. 1992); *see also* Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).

Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See* Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy by a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See* Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is settled in this circuit that the possibility that a § 2255 petition filed by a prisoner might be found untimely, as would probably, but not certainly,[4] be the case in Petitioner's situation, or successive does not render the § 2255 remedy inadequate or ineffective. *See* In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*).[5]

In this case, Petitioner essentially attempts to argue that the § 2255 remedy is inadequate and ineffective because the statute is supposedly "void" because it was improperly enacted into law in 1948. As stated above, Petitioner's contentions in this regard are unavailing and frivolous. *See* Zapata-Rosa. Other federal courts have

---

[4]As previously stated, it does not appear that Petitioner ever made even a belated attempt to file a § 2255 motion in his criminal case. As a result, he cannot in good faith assert that the remedy is ineffective or inadequate in his case because he has not even tried to file a motion, either timely or untimely with a request for equitable tolling. *See* U.S. v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("Typically, circumstances justifying tolling of limitations period 'are external to the party's own conduct,' thus making it 'unconscionable to enforce the limitations period against the party.' ") (quoting Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir.2000)).

[5] *See also* In re Jones, 226 F.3d at 333. *Accord* Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Tanksley v. Warden, 2000 WL 1140751(6th Cir., Aug 08, 2000) (unpublished opinion); Ward v. Snyder, 2000 WL 1871725 (6th Cir., Dec 12, 2000)(unpublished opinion); Gonzales v. Snyder, 2000 WL 636908 (8th Cir., May 18, 2000)(same); Elzie v. Pugh,1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); Onaghise v. Bailey, 1999 WL 613461 (9th Cir., Aug 12, 1999)(same).

consistently refused to declare § 2255 unconstitutional. *See, e.g.,* Felker v. Turpin; Swain v. Pressley, 430 U.S. 372, 381(1977); Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001); Reyes-Requena v. U.S., 243 F.3d 893, 901 n. 19 (5th Cir. 2001); Miller v. Marr, 141 F.3d 976 (10th Cir. 1998).

Furthermore, Petitioner cannot, in good faith, claim that the § 2255 is "inadequate or ineffective" in his case in any other respect because he has failed to pursue any of his claims through available procedural channels. *See* supra note 4. Before filing this § 2241 Petition, Petitioner could have filed a belated § 2255 motion in his criminal case. In connection with such motion, Petitioner could raise any potential grounds that he might have in "excuse" for his late filing, i.e., he could raise the issue of equitable tolling with the sentencing judge. As it is, it appears that Petitioner has never even given his sentencing judge to opportunity to consider, post conviction/sentencing, his contentions about the Court's original jurisdiction over his case, the effect the Booker case might have on his sentence, or the alleged ineffectiveness of his counsel.[6] As previously stated, each of these claims directly contest the underlying of validity of Petitioner's conviction and/or his sentence, and should, under most circumstances, only be raised in a § 2255 proceeding and not by way of a § 2241 petition.

Finally, Petitioner's unsupported statement that he "was/is actually innocent" of the "enhanced" crime for which he was convicted and sentenced does not require this Court

---

[6]The undersigned is aware that the Fourth Circuit recently held that Booker is not available for collateral attack proceedings ( §§ 2255, 2241) to prisoners such as Petitioner, whose conviction became final before the issuance of the Supreme Court's opinion. *See* U. S. v. Morris, 429 F.3d 65, 72 (4th Cir. 2005)("The rule announced in *Booker* is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not available for post-conviction relief for federal prisoners . . . whose convictions became final before *Booker* (or *Blakely*) was decided."). Petitioner's ineffective counsel claims, however, might be available to him if he were able to present sufficient grounds for equitable tolling.

to consider the merits of his Petition.  Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); *see also* Doe v. Menefee, 139 F.3d 147 (2d Cir. 2004).  Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise "new" issues that weren't raised in any § 2255 motion they did file.  In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice.  Proving 'actual innocence' is a way to  demonstrate that one's case falls within that narrow class."  Cornell v. Nix, 119 F.3d 1329, 1333 (8th Cir. 1997).  However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge.  *See* Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); Doe v. Menefee, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim); Thompson v. United States, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on

Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). Petitioner's "actual innocence" claim is based on his assertion that the Court improperly sentenced him to an enhanced time by reliance on evidence that was not present to and found credible by a jury. This is, essentially, Petitioner's Booker argument. A similar claim of "actual innocence" of an enhanced sentence was recently considered and rejected by the Fifth Circuit in Kinder v. Purdy, 222 F.3d 209 (5th Cir. 2000), where the court stated,

> Claims of actual innocence have been recognized by some courts as being possible bases for review under § 2241 when § 2255's restrictions foreclose subsequent petitions. . . . . Kinder's argument that he is actually innocent of being a career offender . . . , however, is not the type of argument that courts have recognized may warrant review under § 2241. Recent cases examining the scope of § 2255's savings clause have done so because of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). . . . Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense. . . . Thus, in each case, the petitioner could claim he was actually innocent of the crime of which he was convicted. In contrast, Kinder argues that . . . his conviction of conspiracy cannot support application of the Guidelines' career offender provisions. He makes no assertion that he is innocent of the crime for which he was convicted.

222 F.3d at 213-14 (citations and footnotes omitted).

In sum, as in Kinder, nothing in this case presents more than an unsupported allegation of "actual innocence" which requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition

via § 2255's savings clause." United States v. Lurie, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

## RECOMMENDATION

Accordingly, it is recommended that the Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

December 15, 2005
Greenville, SC

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**

11

**Greenville, South Carolina 29603**

12